**Richard GRAY, Cross–Respondent/Cross–Appellant,**

v.

**WPNT, INC., Appellant/Cross–Respondent,**

and

**Evergreen Media Corporation, Respondent/Cross–Appellant.**

No. 71208.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 16, 1997.

Summers, Compton, Wells & Hamburg, P.C., Michael W. Newport, St. Louis, for Richard Gray.

Husch & Eppenberger, David R. Dyroff, Jr., St. Louis, for WPNT, Inc.

Thompson Coburn, James W. Erwin, Timothy F. Noelker, Jennifer J. Herner, St. Louis, for Evergreen Media Corporation.

Before DOWD, P.J., and SIMON and HOFF, JJ.

### ORDER

PER CURIAM.

WPNT, Inc. (WPNT) appeals from an amended judgment in favor of Evergreen Media Corporation (Evergreen) on Evergreen's cross-claim[1] against WPNT for indemnity. Evergreen cross-appeals from the amended judgment in favor of Richard Gray (Gray) on Gray's breach of contract claim. Gray also cross-appeals only if the Court reverses the amended judgment in his favor and against Evergreen on Gray's breach of contract claim.

Evergreen's appeal presents two issues this Court may only review for plain error. Evergreen first urges the trial court erred in refusing a novation instruction proposed by Evergreen. Evergreen then contends the trial court erred when it precluded Evergreen from introducing into evidence a letter written by WPNT's counsel to Gray's counsel in July 1994.

In his two points on appeal, Gray argues that, if the judgment against Evergreen on Gray's breach of contract claim is reversed, then the judgment in favor of WPNT on Gray's breach of contract claim should also be reversed and there should be a new trial of Gray's breach of contract claims against both WPNT and Evergreen.

WPNT contends the trial court erred in entering judgment on Evergreen's indemnification cross-claim because: (a) that claim is barred by res judicata and the prohibition against claim-spitting as the result of the indemnification claim Evergreen pursued against WPNT in an earlier federal lawsuit; (b) the judgment in the earlier federal lawsuit is not entitled to collateral estoppel effect as to WPNT's liability on Evergreen's indemnification cross-claim in this lawsuit because in the earlier lawsuit WPNT did not have a full and fair opportunity to litigate the indemnification claim and the indemnification claim in the earlier lawsuit was relatively small; and (c) the award in this lawsuit on Evergreen's indemnification cross-claim encompasses items not actually litigated in the federal lawsuit and to that extent includes items not subject to collateral estoppel principles.

The evidence in support of the jury verdict is not insufficient. No error of law appears in the trial court's disposition of Gray's claims and Evergreen's cross-claim. An extended opinion would have no precedential or jurisprudential value. Judgment affirmed in accordance with Rule 84.16(b).

---

1. Evergreen's indemnification claim against WPNT in this state court lawsuit was filed as a third party petition. Once WPNT became a named defendant, the parties and trial court treated that claim as a cross-claim. This Court also refers to that indemnification claim as a cross-claim.